# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| AGRIPROCESSORS, INC., | ) | Bankruptcy No. 08-2751 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JOSEPH E. SARACHECK, in his Capacity as Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 10-09138 |
| | ) | |
| v. | ) | |
| | ) | |
| LAGOON TECHNOLOGY, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Trial was held in this adversary on May 9, 2012. Desiree A. Kilburg represented Plaintiff Joseph E. Sarachek, in his capacity as Chapter 7 Trustee for Agriprocessors, Inc. Defendant, Lagoon Technology, LLC, did not appear at the time of trial, nor did counsel appear on its behalf. The Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O).

## STATEMENT OF THE CASE

Trustee filed a Complaint seeking to recover fraudulent conveyances and preferential transfers made by Debtor, Agriprocessors, Inc. to Defendant, Lagoon Technology, LLC ("Lagoon Technology"). Lagoon Technology filed an Answer denying the Trustee's claims and asserting affirmative defenses.

Before scheduling trial, Defendant's counsel sought, and was granted, leave to withdraw as counsel. The Motion to Withdraw indicated that Defendant did not plan to defend the action. Trial was scheduled and Defendant was served with notice of the trial. At trial, Defendant failed to appear. No new counsel has entered an appearance on Defendant's behalf. Plaintiff's counsel appeared at trial and presented evidence in support of his claims. The Court finds Plaintiff is entitled to the relief sought.

## BACKGROUND

Plaintiff seeks to recover fraudulent conveyances under 11 U.S.C. § 548, or preferential transfers under 11 U.S.C. § 547(b). The Complaint sought to avoid $82,060 in transfers. At trial, Plaintiff's counsel withdrew the claim for preferential transfers and proceeded on the fraudulent conveyance theory of recovery.

Plaintiff served the Summons and Complaint by "Regular, first class United States mail, postage fully pre-paid" on November 1, 2010, to the following

2

addresses: Lagoon Technology LLC, 240 E. Greene Street, Postville, IA 52162, and to Charles R. Kelly, As Registered Agent for Lagoon Technology LLC, 136 N. Lawler, P.O. Box 550, Postville, IA 52162. On December 1, 2010, Michael P. Mallaney entered an appearance on behalf of Defendant. Defense counsel filed an answer on March 18, 2011, denying Plaintiff's claims and asserting three (3) affirmative defenses. The Court entered a scheduling order on April 15, 2011, setting July 14, 2011, as the deadline for completion of discovery. (ECF Doc. No. 7.) The Court granted Plaintiff three (3) motions to extend discovery deadlines.

Plaintiff filed a Motion for Default Judgment or Alternatively to Extend Time for Filing Pretrial Statements on October 14, 2011, claiming Defendant failed to respond to discovery requests. As an exhibit to the Motion, Plaintiff included a letter from defense counsel stating: "It is my understanding that [Defendant is] defunct and it simply makes no sense to expend time and money defending [it]." (ECF Doc. No. 13-2, at 1.) Should the Court find default was not appropriate, Plaintiff alternatively requested the Court "enter an order extending the time for filing the joint pretrial statement because if Defendant intends to change his position and defend the action, Plaintiff will need additional time in order to compel discovery prior to submitting a pretrial statement." (ECF Doc. No. 13, ¶ 9.) On November 3, 2011, the Court denied Plaintiff's Motion for Default

Judgment, but granted Plaintiff's Motion to Extend Time to file a pretrial statement. (ECF Doc. No. 14.)

Defense counsel filed a Motion to Withdraw as Attorney on January 3, 2012. A telephonic hearing was held on January 27, 2012. At the time of hearing, defense counsel stated "I indicated several months ago, to counsel, that we were not going to defend because [Lagoon Technology does not] have any assets." The Court granted the motion and directed Plaintiff to notify Lagoon Technology that its counsel withdrew and the Court would be setting a trial scheduling conference. The Court also sent the Order to Lagoon Technology LLC through its registered agent Charles R. Kelly and to Lagoon Technology's address in Postville, IA. The Order was also sent to Sholom Rubashkin[1], 4310 14th Avenue, Brooklyn, NY 11219. (ECF Doc. No. 25.)

Defendant did not participate—in person or through counsel—in the telephonic hearing on February 17, 2012. The Court set trial for May 9, 2012. The Court's scheduling order was sent on February 20, 2012, to Sholom Rubashkin in Brooklyn, NY. (ECF Doc. No. 30.) Notice of trial was also served on Defendant's registered agent in Postville, IA on April 11, 2012. (ECF Doc. No. 31.) Plaintiff's counsel presented and served Defendant's registered agent with an exhibit list on

---

[1] Sholom Rubashkin was the CEO of Agriprocessors, Inc. No evidence was presented to indicate what role he played in Lagoon Technology, LLC's operations.

April 25, 2012. (ECF Doc. Nos. 32-33.) Plaintiff's counsel did not receive any communications from Defendant prior to trial.

The Court held trial on May 9, 2012. Counsel for Plaintiff appeared. No representative, nor counsel, for Defendant appeared. Plaintiff offered five (5) exhibits into evidence. The Court received the exhibits without objection. Plaintiff argues the exhibits prove his case-in-chief. An affidavit from Marc Ross, Plaintiff's expert, was included in these exhibits. (Plaintiff's Exh. 5.) The Court took the matter under advisement.

## CONCLUSIONS OF LAW

Plaintiff seeks to recover $82,060 from Defendant as fraudulent conveyances under 11 U.S.C. § 548(a)(1)(B). The evidence presented shows these funds constituted fraudulent conveyances, and Plaintiff is entitled to the relief sought.

Section 548 of the Bankruptcy code, entitled "Fraudulent transfers and obligations," provides in part:

> (a)(1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) or an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing    of the petition, if the debtor voluntarily or involuntarily—
>     (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor

5

>   was or became, on or after the date that such transfer was made
>   or such obligation was incurred, indebted; or
> (B)   (I) received less than a reasonably equivalent value in
>       exchange for such transfer or obligation; and
>       **(II) was insolvent on the date that such transfer was
>       made or such obligation was incurred, or became
>       insolvent as a result of such transfer or obligation;**
>
> . . . .

11 U.S.C.A. § 548(a)(1) (emphasis added); see also Sarachek v. Kosher Cmty. Grocery, Inc. (In re Agriprocessors, Inc.), No. 10-09153, 2012 WL 1191180, at *4 (Bankr. N.D. Iowa Apr. 9, 2012).

"'The language of Section 548 regarding fraudulent transfers is clear that there are different ways in which such transfers can occur. One alternative is that transfers have been made when the debtor was insolvent.'" Kosher Cmty. Grocery, Inc., 2012 WL 1191180, at *4 (quoting In re TransTexas Gas Corp., 597 F.3d 298, 308 (5th Cir. 2010)). "'Insolvency is determined by the 'balance sheet test,' in other words whether the debtor's assets were exceeded by her liabilities at the time of the transfer.'" Id. (quoting Universal Church v. Geltzer, 463 F.3d 218, 226 (2d Cir. 2006)).

"Insolvent" is defined by the Bankruptcy Code in section 101(32)(A) as:

> financial condition such that **the sum of such entity's debts is
> greater than all of such entity's property, at a fair valuation**,
> exclusive of—(i) property transferred, concealed, or removed with
> intent to hinder, delay, or defraud     such entity's creditors; and (ii)
> property that may be exempted from property      of the estate under
> Section 522 of this title
> . . . .

6

11 U.S.C. § 101(32)(A) (emphasis added).

> In order to prevail in a fraudulent conveyance action, a plaintiff must establish by a preponderance of the evidence either one of the following: (1) that the debtor made the transfer in question while it was insolvent, or became insolvent because of the transfer; or (2) that the debtor was operating its business after the transfer with an unreasonably small amount of capital.

Kosher Cmty. Grocery Inc., 2012 WL 1191180, at *5 (quoting In re Prime Realty, Inc., 380 B.R. 529, 536 (B.A.P. 8th Cir. 2007)).

Additionally, under 11 U.S.C. § 101(B), the plaintiff must also prove that reasonably equivalent value was not exchanged. "The question of reasonable equivalence is 'largely a question of fact, as to which considerable latitude must be allowed to the trier of facts.'" TransTexas Gas Corp., 597 F.3d at 306 (quoting In re Dunham, 110 F.3d 286, 289 (5th Cir. 1997)).

> To measure reasonably equivalent value, [the court must] judge the consideration given for a transfer from the standpoint of creditors. In re Hinsley, 201 F.3d 638, 644 (5th Cir. 2000). 'The proper focus is on the net effect of the transfers on the debtor's estate, [and] the funds available to the unsecured creditors.' Id.

Id. "Further, 'reasonably equivalent value' means that 'the debtor has received value that is substantially comparable to the worth of the transferred property.'" Id. (quoting BFP v. Resolution Trust Corp., 511 U.S. 531, 548 (1994)).

Plaintiff engaged Marc B. Ross, a Certified Insolvency and Restructuring Advisor, to analyze Agriprocessors' cash flow and balance sheets. Plaintiff's Exhibit 4, Marc Ross's report, states in part:

7

> The purpose of this report is to provide an opinion as to the estimate of value of Agriprocessors, Inc. (The "Company", "Agriprocessors"), and whether Agriprocessors was solvent during the two years prior to the Bankruptcy Filing Date, November 4, 2008, (the "Valuation Period").
>
> . . . . At all times during the Valuation Period, Agriprocessors was experiencing both cash flow and balance sheet insolvency. The analysis highlighted within this report shows that during the Valuation Period, Agriprocessors was unable to meet its debts as they came due, and while additional credit was at times extended by its primary secured lenders, First Bank and Metropolitan Life Insurance Company, and its vendors and third parties, the anticipated cash flows of the business would never be sufficient to relieve the Company's debt burden to these creditors. Thus from an operating perspective, the Company was insolvent. Additionally, the fair value of the assets of the Company were insufficient to cover the Company's liabilities, thus, from a balance sheet perspective the Company was insolvent.

(Plaintiff Exh. 4, at 2.) Mr. Ross's report further stated that based on his valuation report and the estimates of the value of Agriprocessors on the Valuation Dates (June 27, 2008; July 29, 2007; December 29, 2006; and June 30, 2006), Agriprocessors's value was "between $26,700,000 and $30,330,000." (Id. at 1.) He concluded that: "Based on these estimates of value, the value of the sole stockholder's equity share was $0 as of June 27, 2008; July 29, 2007; and December 29, 2006, and between $996,000 and $1.6 million as of June 30, 2006." (Id.)

Plaintiff's Exhibit 1 lists a total of 16 checks sent from Agriprocessors to Lagoon Technology between November, 2006, and October, 2008. (Plaintiff's

8

Exh. 1.) These checks total $82,060. (Id.) Plaintiff has provided evidence supporting these transfers.

Debtor filed for bankruptcy protection on November, 4, 2008. Under § 548(a)(1), these checks were conveyed within the two-year window before the bankruptcy filing. Further, Marc Ross stated in his affidavit that Agriprocessors was insolvent during the two-year period preceding the bankruptcy filing. (Plaintiff's Exh. 5, ¶ 6.) Mr. Ross's affidavit also stated "I am aware of no new value or consideration advanced by the Defendant, as a creditor of Agriprocessors, in exchange for the payments." (Id. at ¶ 5.) No evidence was presented to contradict Plaintiff's assertion that Debtor received less than reasonably equivalent value in exchange for the checks.[2] See TransTexas Gas Corp., 597 F.3d at 306. The evidence presented satisfies Plaintiff's burden under 11 U.S.C. § 548(a)(1)(B); Defendant gave no reasonably equivalent value to Debtor in exchange for the transfers in question.

---

[2] The Court notes that even if a representative of Lagoon Technology had appeared to offer evidence at the time of trial this appearance, in and of itself, would have been insufficient. A corporation cannot appear on its own behalf, and accordingly, must be represented by counsel. "[A]rtificial entities may appear in federal courts only through licensed attorneys . . . ." City of Kansas City, Mo. v. Hous. & Econ. Dev. Fin. Corp., No. 08-2738, 2010 WL 653240, at *1 (8th Cir. Feb. 25, 2010) (citing Rowland v. Cal. Men's Colony, 506 U.S. 194, 202-03 (1993)); see also United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir. 1993) ("[A] corporation cannot appear pro se.").

The evidence presented by Plaintiff demonstrates that the transfers from Agriprocessors to Lagoon Technology occurred within the two-year period before the bankruptcy filing and were not in exchange for reasonably equivalent value. The Court concludes these transfers constituted fraudulent transfers under 11 U.S.C. § 548(a)(1)(B)(ii)(I).

**WHEREFORE**, judgment is entered in Plaintiff's favor in the amount of $82,060.

Dated and Entered: June 26, 2012

_____
**THAD J. COLLINS**
**CHIEF BANKRUPTCY JUDGE**